## FOURTH DEPARTMENT, JULY, 1975

### (July 10, 1975)

■ HERSHBERG-O'KEEFE AGENCY, INC., Respondent, v BERTRAM R. HERSHBERG, Appellant.—Judgment unanimously reversed, on the law and facts, with costs, and complaint dismissed. Memorandum: The trial court has awarded plaintiff insurance agency an injunction against the defendant, its employee, prohibiting him from "the solicitation or procurement of fire insurance and casualty insurance within a twenty-five (25) mile radius of the center of the City of Rochester, New York, until January 31, 1979", as a result of defendant's purported breach of an employment contract. The restrictive covenant of the agreement which the injunction is designed to enforce is contained in the following paragraph: "10. *The Employee shall have the privilege of terminating this agreement at any time during the term thereof;* provided, however, that in the event the Employee shall so terminate his employment hereunder prior to the expiration of the term hereof, *in a manner other than that provided for in Paragraphs 10,* 11 and 13 hereof, the Employee agrees to refrain from solicitation or procurement of fire and casualty insurance within a twenty-five (25) mile radius of the center of the City of Rochester, New York, from the date of such termination until January 31, 1979." (Emphasis supplied.) Paragraphs 11 and 13 of the agreement make no reference to termination of employment by the employee and provide no procedure for termination; the reference to termination contained in the initial provision of paragraph 10 confers on the employee an absolute and unqualified privilege of ending the employment at any time. The restrictive covenant that plaintiff seeks to enforce is conditioned upon termination by the employee "prior to the expiration of the term" and "in a manner other than that provided for in Paragraphs 10, 11 and 13". However, the breadth and scope of the termination privilege set

forth in paragraph 10 renders completely ineffectual the restrictive covenant as a basis for the injunction granted by the trial court, for if, as the court impliedly found, defendant—rather than plaintiff—terminated the employment in November, 1974, then the termination was in a manner provided for in paragraph 10 and the restrictive covenant did not come into effect. Furthermore, we disagree with the conclusion of the trial court that defendant breached the contract of employment. In our view it was plaintiff's officer, Halperin, who departed from the terms of the agreement and, by virtue of that departure, paragraph 14 of the contract expressly authorized defendant to engage in the very activities that have been enjoined. Although there was discussion between Halperin and defendant on November 18, 1974 concerning defendant's possible entry into semiretirement at a salary less than the $23,000 per year he was then receiving under the existing contract, no arrangement was agreed upon by the parties. Halperin's sworn statement was that defendant wanted to discuss the matter with his accountant before an agreement was finalized. On the following day—by Halperin's own testimony—defendant informed him that he did not want to go into semiretirement and wanted to be paid in accordance with his contract which provided for $23,000 per year. Nevertheless, despite the fact (found by the trial court) that the retirement agreement, which the court characterized as "tentative", had not been finalized, on November 20 Halperin dictated, signed and presented to defendant for signature a letter reciting the latter's request for semiretirement and fixing his salary at $12,000 per year (or less, if defendant's accountant should find that advantageous to defendant). Defendant reiterated his unwillingness to change his employment status and refused to sign the modification letter. In the course of their conversation Halperin, by his own admission, told defendant that he could work for plaintiff agency "in accordance with our new agreement" based on an annual salary of $12,000. Confirmatory of plaintiff's attempted unilateral modification of defendant's salary is the fact that when payroll checks were issued at the end of that week Halperin signed a check for defendant in the amount of $189.30, computed on an annual salary of $12,000. At the trial however, Halperin testified that the modifying letter would not affect the existing employment contract until defendant had signed it and that up to that time he would still be employed under the original contract. Since paragraph 14 of the agreement provided that defendant should be free to leave the employ of the plaintiff and to engage actively in the fire and casualty insurance business wherever he chose in the event plaintiff should fail to observe the covenants set forth in paragraph 2 (among others), and paragraph 2 provided an annual salary of $23,000, we view plaintiff's conduct described above as justification for defendant's active solicitation of insurance business. There was therefore no basis for the injunctive and compensatory relief sought by plaintiff. (Appeal from judgment of Monroe Trial Term in action to enforce restrictive covenant in employment contract.) Present—Marsh, P. J., Moule, Mahoney, Del Vecchio and Witmer, JJ.